UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO D. CRAWFORD,

    Plaintiff,

v.     Case No. 5:23-cv-80-TKW/MJF

MERRICK GARLAND,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Antonio D. Crawford has filed a motion for a preliminary injunction. Doc. 74. Defendant responded in opposition. Doc. 77. Crawford filed a reply. Doc. 83. For the reasons set forth below, the District Court should deny Crawford's motion.

### I. Background

When Crawford initiated this action March 2022, Crawford was confined at the United States Penitentiary in Tucson, Arizona. *See* Doc. 1. Sometime in September 2022, the Bureau of Prisons ("BOP") transferred Crawford to the Federal Correctional Institution in Marianna, Florida ("FCM"). Doc. 41. Crawford remains confined at FCM.

Crawford suffers from gender dysphoria. Doc. 74. In Crawford's amended complaint, Crawford asserts that Defendant has violated the Eighth Amendment "by

enacting[] a policy and following behind[] a practice that is intentionally denying, delaying, and interfering [with the] medical treatment" of Crawford's gender dysphoria, specifically "gender-conforming" surgery.[1] Doc. 12 at 9; *see* Doc. 11.

In the motion for a preliminary injunction, Crawford alleges that on April 19, 2023, "approximately 15[] gang members" threatened to kill Crawford. Doc. 74 at 2. Crawford then notified FCM Warden Kevin Pistro of the threat, but Pistro allegedly "did nothing[] to protect" Crawford. *Id.* The next day, on April 20, 2023, Crawford allegedly attempted to commit suicide "by ingesting Tyelnol [sic] pills excessively." *Id.* Prison officials allegedly rushed Crawford to the hospital. *Id.*

On April 25, 2023, after Crawford returned from the hospital, an investigator at FCM placed Crawford in a special housing unit ("SHU") until the investigator could confirm whether Crawford faced a credible threat of violence. *Id.* At some point, Pistro allegedly threatened to return Crawford to the general population and then proceeded to house a "violent gang[]member who wants to kill" Crawford in Crawford's SHU "range." Doc. 74 at 2–3. Crawford does not allege why Pistro allegedly took these actions.

On May 11, 2023, Crawford again attempted to commit suicide by ingesting 100 Tylenol tablets, and prison officials again transported Crawford to the hospital.

---

[1] On July 1, 2022, United States District Judge John C. Hinderaker dismissed Crawford's remaining claims. Doc. 15; *see* Doc. 62.

*Id.* at 3. When Crawford returned to FCM, Pistro allegedly placed an order on the door of Crawford's SHU cell that denied Crawford "gender expressional items, like razors or to the least, magic shave." *Id.* (errors in original). According to Crawford, the lack of "gender expressional items" "trigger[s]" Crawford's gender dysphoria. *Id.* at 4.

Crawford now requests a preliminary injunction requiring Defendant (1) to transfer Crawford to a "safe prison," (2) to provide Crawford with "shaving material if not, razors beard trimmers or magic shave," and (3) to provide Crawford with "appropriate[] mental health care" for Crawford's "gender dysphoria and prior 5 suicide attempts." *Id.* at 6 (errors in original).

## II. DISCUSSION

A preliminary injunction is an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Indeed, the grant of a preliminary injunction is "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that a

preliminary injunction's purpose "is merely to preserve the relative positions of the parties until a trial on the merits can be held").

To establish entitlement to a preliminary injunction, a movant must demonstrate:

1. a substantial likelihood of success on the merits of the underlying claim;

2. a substantial likelihood of suffering irreparable injury if the preliminary injunction is not granted;

3. that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

4. the injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290–91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254–55 (11th Cir. 2020); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). Failure to establish even one of the first two factors is fatal to a motion for a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001).

A.   **Crawford Fails to Demonstrate a Substantial Likelihood of Success**

Crawford fails to demonstrate a substantial likelihood of success on the merits of Crawford's Eighth-Amendment claim. Indeed, as Defendant notes, Crawford fails even to discuss the merits of the underlying Eighth-Amendment claim. Doc. 77 at

2–3. Crawford was aware of this requirement insofar as Crawford already has filed one motion for a preliminary injunction in this matter. *See* Doc. 12. That motion was denied. Doc. 62.

The substantial likelihood of success generally is the most important factor courts consider when addressing motions for a preliminary injunction. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If there is no substantial likelihood of success on the merits, no injunction may be issued." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d at 1254–55; *Bloedorn*, 631 F.3d at 1229 (stating that if the moving party "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements").

Because Crawford fails to show—or even to attempt to show—a substantial likelihood of prevailing on the underlying Eighth-Amendment claim, the District Court should deny Crawford's motion.

**B.     Crawford Requests Relief That the District Court Cannot Grant**

For a second independent reason, the District Court should deny Crawford's motion for a preliminary injunction: the District Court generally lacks the authority to grant some of the relief that Crawford requests.

The Attorney General and the BOP have plenary control over federal inmates' placement. *United States v. Texeira-Nieves*, 23 F.4th 48, 58 (1st Cir. 2022); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021); *see* 18 U.S.C. § 3621(b) (noting that the BOP "shall designate the place of [a] prisoner's imprisonment"). Federal courts, therefore, generally lack the authority to transfer a prisoner once the prisoner has been convicted of a crime and entrusted to the Attorney General for incarceration. *Washington v. Warden Canaan USP*, 858 F. App'x 35, 36–37 (3d Cir. 2021); *United States v. Pinson*, 594 F. App'x 517, 519 (10th Cir. 2014).

Because Crawford requests relief that the District Court cannot grant—Crawford's transfer to a "safe prison"—the District Court should deny Crawford's motion for this second reason.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff Antonio D. Crawford's motion for a preliminary injunction. Doc. 74.

At Pensacola, Florida, this 7th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**